**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DARRYL BOYNES, JR.,**

      **Petitioner,**

**v.**                                                             **Civil Action No. 3:17-CV-79**
                                                                   **(GROH)**

**JOE COAKLEY,**

      **Respondent.**


## REPORT AND RECOMMENDATION

### I. Introduction

On June 28, 2017, the *pro se* Petitioner, Darryl Boynes, Jr., an inmate at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging subject matter jurisdiction "to indict, prosecute, or execute a sentence of life plus 480 months". ECF No. 1 at 5. Petitioner claims that the Court lacked subject matter jurisdiction because he was a juvenile under the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031 – 5042. Id. Petitioner paid the $5.00 filing fee at the time he filed his petition. ECF No. 2.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

## II. Factual and Procedural History[1]

### A. Conviction and Direct Appeal

Petitioner was arrested on May 10, 2005, and indicted on September 7, 2005 in the United States District Court for the Eastern District of Virginia.  ECF Nos. 1, 2, 19.  Petitioner's conviction and sentence proceedings were summarized by the United States Court of Appeals for the Fourth Circuit in U.S. v. Boynes, 515 F.3d 284, 285 (2008):

> The United States charged Darryl Boynes, Jr., in a three-count indictment with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, distribution of crack cocaine in violation of 21 U.S.C. § 841, and use of a firearm to commit murder in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and 924(j), a capital offense. The case was tried by the court following a written motion to waive trial by jury, and the court found Boynes guilty on all three counts. Months later Boynes claimed that his counsel, not he, had waived trial by jury. Following a hearing, the court found that Boynes, in fact, had knowingly and voluntarily waived his right to trial by jury and sentenced Boynes to life plus 480 months. Boynes raises the correctness of the district court's finding that he knowingly and voluntarily waived his right to trial by jury as the single issue in this appeal. We affirm.

The Fourth Circuit's published opinion affirming Petitioner's conviction was issued on February 4, 2008.  ECF Nos. 85, 86.  On January 15, 2009, the Fourth Circuit denied Petitioner's motion for rehearing en banc.  ECF No. 91.

---

[1] The facts are taken from the Petitioner's criminal Case No. 3:05-CR-313 in the United States District Court for the Eastern District of Virginia, available on PACER.  Unless otherwise noted, the ECF entries in this section refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

**B. Motion to Vacate Under § 2255 and Appeal Thereof**

On October 6, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court.  ECF No. 93.  On October 20, 2011, the Court dismissed Petitioner's § 2255 motion to vacate and denied Petitioner a certificate of appealability.  ECF Nos. 104, 105.  On December 19, 2011, Petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals, in what was assigned docket number 11-7711.  ECF No. 106.  On June 13, 2013, the Fourth Circuit, by unpublished per curiam opinion, vacated the district court's judgment as to Petitioner's Sixth Amendment[2] claim, remanded for an evidentiary hearing on that claim only, dismissed the appeal and denied Petitioner a certificate of appealability.  ECF Nos. 107, 110; USCA 4th Cir. 11-7711, ECF No. 12 at 4.  An evidentiary hearing on the Sixth Amendment claim was held on December 3, 2013.  ECF No. 113.  On January 23, 2014, the District Court entered a memorandum opinion which made findings of fact and conclusions of law,[3] denied Petitioner's Sixth Amendment claim and dismissed the §

---

[2]  Petitioner claimed that his Sixth Amendment rights were violated when his appointed counsel "rendered ineffective assistance due to a conflict of interest".  USCA 4th Cir 11-7711, ECF No. 12 at 2.

[3]  The District Court found the testimony of Petitioner's counsel Tyndall to be uncontroverted that:

> he had no relationship with [prior counsel] Everhart beyond professional acquaintance. After his appointment, Tyndall developed a strategy for the Motions Hearing based, in part, on a concern that Boynes would be deemed less credible than Everhart as a testifying witness. . . . Tyndall believed Boynes could be granted a new trial on the ground that there was neither a written jury trial waiver nor a verbal waiver on the record.

ECF No. 115 at 4.  The Court further concluded that, "Tyndall was not operating under an actual conflict of interest at any time during his representation of Boynes, and, additionally, that Tyndall's advice that Boynes not testify at the Motions Hearing does not constitute ineffective assistance of counsel under the Strickland standard."  Id. at 4 – 5.

2255 petition.   ECF No. 115 at 7.   The District Court further denied a certificate of appealability.  Id.

**C.     Instant § 2241 Petition**

Petitioner claims that his petition concerns the lack of subject matter jurisdiction in the court of conviction and sentence.  ECF No. 1 at 1, 5.   The single grounds for relief asserts that Petitioner was "still a juvenile under the Federal Juvenile Delinquency Act" when he was charged and indicted.  Id. at 5.  As relief, Petitioner requests that the Court: (1) void the proceedings and judgment; (2) dismiss the cause of action; (3) "give remedy to which relief can be granted"; and (4) immediately release him from custody. Id. at 8.

It appears that Petitioner claims that he need not comply with the requirements of the savings clause of § 2255 because "subject – matter jurisdiction can be raised at anytime."  ECF No. 1 at 9.

**III. Legal Standard**

**A.     Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

district court may apply these rules to a habeas corpus petition not filed pursuant to §
2254).

   **B.     Pro Se Litigants.**

   Courts must read *pro se* allegations in a liberal fashion and hold those pro se
pleadings "to less stringent standards than formal pleadings drafted by lawyers".
Haines v. Kerner, 404 U.S. 519, 520 (1972).   Pursuant to 28 U.S.C. § 1915A(b), the
Court is required to perform a judicial review of certain suits brought by prisoners and
must dismiss a case at any time if the Court determines that the complaint is frivolous,
malicious, fails to state a claim upon which relief can be granted, or seeks monetary
relief against a defendant who is immune from such relief.   A complaint is frivolous if it is
without arguable merit either in law or in fact.   Neitzke v. Williams, 490 U.S. 319, 325
(1989) (superseded by statute).   The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon,
> baseless lawsuits that paying litigants generally do not
> initiate because of the costs of bringing suit and because of
> the threat of sanctions for bringing vexatious suits
> under Federal Rule of Civil Procedure 11. To this end, the
> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless.

490 U.S. at 327.

---

[4]   The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided,
"The court may request an attorney to represent any such person unable to employ counsel and may
dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or
malicious."   As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On
review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint,
if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief."

### C.     Post Conviction Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[5]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence[6] of a conviction, not just innocence of sentencing factors. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013). The Fourth Circuit has "not 'extended the reach of the savings clause to those petitioners challenging only their sentence.' " Darden v.

---

c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[6] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Stephens, 426 Fed. Appx. 173, 174 (4th Cir. 2011) (quoting United States v. Poole,

supra).

IV. Analysis

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Rather, Petitioner challenges his conviction and sentence, and seeks to have his conviction and judgment voided, and the case dismissed. However, such relief relates to the validity of Petitioner's conviction and sentence, and is only appropriately presented either on a direct appeal, or in a proceeding under § 2255. Petitioner's claim is unrelated to the execution of his sentence, which subject is properly contested in a § 2241 proceeding.

Although Petitioner has addressed the savings clause of § 2255 by saying it does not apply to consideration of subject matter jurisdiction, when this Court considers whether he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Even if Petitioner were to meet the first and third prongs of the Jones test, he cannot meet the second element of the Jones test, because the crimes for which he was convicted—conspiracy to distribute five or more grams of cocaine, cocaine distribution and possession or use of a firearm in furtherance of a drug trafficking crime—all remain criminal offenses. Additionally, Petitioner does not allege that there was cause for his procedural default on this issue, and that he was prejudiced thereby. Nor does Petitioner allege that is actually innocent of the crimes for which he was convicted. Rather, he only asserts that because of his age, the Court of conviction lacked subject matter jurisdiction, an issue never raised on direct appeal.

It is well settled that, "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice', or that he is "actually innocent."   Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted).   *Wainwright v. Sykes* held that a federal habeas petitioner who has failed to comply with a State's contemporaneous-objection rule at trial must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim."   Murray v. Carrier, 477 U.S. 478, 485 (1986).

Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy.   Because the savings clause is inapplicable, and Petitioner raises only matters appropriate for relief on direct appeal or in a petition filed pursuant to § 2255, Petitioner has improperly filed his petition under § 2241.   The petition filed herein under § 2241 contests the conviction and sentence imposed in the Eastern District of Virginia, and thus, is actually an attempt to obtain relief available under § 2255, and should be treated as such.[7]

Accordingly, this Court is without jurisdiction to consider the Petition.   When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."   Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

[7]   The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.   Further, any petition seeking relief under § 2255 must be brought in the district of conviction, which in this case is the Eastern District of Virginia.

### V. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  June 6, 2018

/s/  *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE