**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DARRYL BOYNES, JR.,**

    Petitioner,

**v.**                                                    **CIVIL ACTION NO.: 3:17-CV-79
(GROH)**

**JOE COAKLEY,**

    Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is an Amended Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on June 14, 2018. ECF No. 9. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's § 2241 petition and dismiss the same without prejudice. The Petitioner timely filed objections to the R&R on June 21, 2018. ECF No. 11. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On June 28, 2017, Darryl Boynes, Jr. ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner's only ground asks the question, "Did the United States District Court lack Subject – Matter Jurisdiction to indict, prosecute, or execute a sentence of Life plus 480 months?" Id. at 5.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

The Petitioner was convicted of conspiracy to distribute crack cocaine, distribution of crack cocaine and use of a firearm to commit murder in furtherance of a drug trafficking crime—a capital offense. See United States v. Boynes, 515 F.3d 284, 285 (4th Cir. 2008). The District Court for the Eastern District of Virginia sentenced the Petitioner to serve a life sentence plus 480 months of incarceration. The Fourth Circuit affirmed the Petitioner's conviction, and the District Court denied Petitioner's § 2255 Motion to vacate.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten

2

pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection,

we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R.[1] The Petitioner wholly fails to address the magistrate judge's determination that the petition is a second or successive § 2255 motion disguised as a § 2241 petition. Rather, the objections reiterate and attempt to bolster the Petitioner's original filing, which were considered by the magistrate judge when he issued the R&R. The Petitioner has failed to argue that his Petition is not a second or successive motion under § 2255 or that it could properly be considered by this Court. Indeed, it appears that the Petitioner has simply attempted to flesh out the argument for his petition.

Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections to the magistrate judge's analysis as found within his R&R.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that

---

[1] The Court notes that the Petitioner asserts the Magistrate Judge included an incorrect arrest date in the R&R. The Petitioner avers that he was arrested on May 9, 2005. However, the R&R references the same date found in the Fourth Circuit's published decision, May 10, 2005, as the Petitioner's date of arrest. Regardless, the Petitioner did not, and frankly cannot, demonstrate that the difference in dates is material to his petition.

Magistrate Judge Trumble's Report and Recommendation [ECF No. 9] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED and DISMISSED WITHOUT PREJUDICE**.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** August 15, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE